IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| **MAURICE W.,** | * | |
| | * | |
| **Plaintiff,** | * | |
| | * | **Civil No. TMD 19-2003** |
| v. | * | |
| | * | |
| | * | |
| **ANDREW M. SAUL,** | * | |
| **Commissioner of Social Security,** | * | |
| | * | |
| **Defendant.** | * | |
| ************ | | |

**MEMORANDUM OPINION GRANTING DEFENDANT'S
MOTION FOR SUMMARY JUDGMENT**

Plaintiff Maurice W. seeks judicial review under 42 U.S.C. §§ 405(g) and 1383(c)(3) of a final decision of the Commissioner of Social Security ("Defendant" or the "Commissioner") denying his applications for disability insurance benefits and Supplemental Security Income under Titles II and XVI of the Social Security Act.  Before the Court are Plaintiff's Motion for Summary Judgment (ECF No. 11) and Defendant's Motion for Summary Judgment (ECF No. 15).[1]  Plaintiff contends that the administrative record does not contain substantial evidence to support the Commissioner's decision that he is not disabled.  No hearing is necessary.  L.R. 105.6.  For the reasons that follow, Defendant's Motion for Summary Judgment (ECF No. 15) is **GRANTED**, Plaintiff's Motion for Summary Judgment (ECF No. 11) is **DENIED**, and the Commissioner's final decision is **AFFIRMED**.

---

[1] The Fourth Circuit has noted that, "in social security cases, we often use summary judgment as a procedural means to place the district court in position to fulfill its appellate function, not as a device to avoid nontriable issues under usual Federal Rule of Civil Procedure 56 standards." *Walls v. Barnhart*, 296 F.3d 287, 289 n.2 (4th Cir. 2002).  For example, "the denial of summary judgment accompanied by a remand to the Commissioner results in a judgment under sentence four of 42 U.S.C. § 405(g), which is immediately appealable." *Id.*

# I

## Background

On July 24, 2018, Administrative Law Judge ("ALJ") Dierdra Howard held a hearing in Baltimore, Maryland, where Plaintiff and a vocational expert ("VE") testified. R. at 40-71. The ALJ thereafter found on August 7, 2018, that Plaintiff was not disabled from his alleged onset date of disability of August 1, 2016, through the date of the ALJ's decision. R. at 12-39. In so finding, the ALJ found that Plaintiff had not engaged in substantial, gainful activity since August 1, 2016, and that his degenerative disc disease, rotator cuff tendonitis, HIV infection, migraine, and asthma were severe impairments. R. at 18-19. He did not, however, have an impairment or combination of impairments that met or medically equaled the severity of one of the impairments listed in 20 C.F.R. pt. 404, subpt. P, app. 1. R. at 19-21.

> The ALJ then found that Plaintiff had the residual functional capacity ("RFC")
>
> to perform sedentary work as defined in 20 CFR 404.1567(a) and 416.967(a) except he can occasionally climb ramps and stairs, balance, kneel, crouch, stoop, and crawl. He can never climb ladders, ropes, or scaffolds. He can occasionally reach overhead and operate hand controls with the right upper extremity. He can have occasional exposure to hazards or uneven surfaces. He can have no exposure to fumes, odors, dusts, gases, and poor ventilation.

R. at 21.[2] In light of this RFC and the VE's testimony, the ALJ found that, although he could not perform his past relevant work as a bartender, banquet server, assistant banquet manager, and waiter, Plaintiff could perform other work in the national economy, such as a final assembler, visual inspector, or sorter. R. at 30-32. The ALJ thus found that Plaintiff was not disabled from August 1, 2016, through August 7, 2018. R. at 32.

---

[2] "Sedentary work involves lifting no more than 10 pounds at a time and occasionally lifting or carrying articles like docket files, ledgers, and small tools." 20 C.F.R. §§ 404.1567(a), 416.967(a). "Although a sedentary job is defined as one which involves sitting, a certain amount of walking and standing is often necessary in carrying out job duties. Jobs are sedentary if walking and standing are required occasionally and other sedentary criteria are met." *Id.*

After the Appeals Council denied Plaintiff's request for review, Plaintiff filed on July 9, 2019, a complaint in this Court seeking review of the Commissioner's decision. Upon the parties' consent, this case was transferred to a United States Magistrate Judge for final disposition and entry of judgment. The case then was reassigned to the undersigned. The parties have briefed the issues, and the matter is now fully submitted.

II

**Disability Determinations and Burden of Proof**

The Social Security Act defines a disability as the inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment that can be expected to result in death or that has lasted or can be expected to last for a continuous period of not less than twelve months.  42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A); 20 C.F.R. §§ 404.1505, 416.905.  A claimant has a disability when the claimant is "not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists . . . in significant numbers either in the region where such individual lives or in several regions of the country."  42 U.S.C. §§ 423(d)(2)(A), 1382c(a)(3)(B).

To determine whether a claimant has a disability within the meaning of the Social Security Act, the Commissioner follows a five-step sequential evaluation process outlined in the regulations.  20 C.F.R. §§ 404.1520, 416.920; *see Barnhart v. Thomas*, 540 U.S. 20, 24-25, 124 S. Ct. 376, 379-80 (2003).  "If at any step a finding of disability or nondisability can be made, the [Commissioner] will not review the claim further."  *Thomas*, 540 U.S. at 24, 124 S. Ct. at 379; *see* 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4).  The claimant has the burden of production

3

and proof at steps one through four.  *See Bowen v. Yuckert*, 482 U.S. 137, 146 n.5, 107 S. Ct. 2287, 2294 n.5 (1987); *Radford v. Colvin*, 734 F.3d 288, 291 (4th Cir. 2013).

First, the Commissioner will consider a claimant's work activity.  If the claimant is engaged in substantial gainful activity, then the claimant is not disabled.  20 C.F.R. §§ 404.1520(a)(4)(i), 416.920(a)(4)(i).

Second, if the claimant is not engaged in substantial gainful activity, the Commissioner looks to see whether the claimant has a "severe" impairment, i.e., an impairment or combination of impairments that significantly limits the claimant's physical or mental ability to do basic work activities.  *Pass v. Chater*, 65 F.3d 1200, 1203 (4th Cir. 1995); *see* 20 C.F.R. §§ 404.1520(c), 404.1522(a), 416.920(c), 416.922(a).[3]

Third, if the claimant has a severe impairment, then the Commissioner will consider the medical severity of the impairment.  If the impairment meets or equals one of the presumptively disabling impairments listed in the regulations, then the claimant is considered disabled, regardless of age, education, and work experience.  20 C.F.R. §§ 404.1520(a)(4)(iii), 404.1520(d), 416.920(a)(4)(iii), 416.920(d); *see Radford*, 734 F.3d at 293.

Fourth, if the claimant's impairment is severe, but it does not meet or equal one of the presumptively disabling impairments, then the Commissioner will assess the claimant's RFC to determine the claimant's "ability to meet the physical, mental, sensory, and other requirements" of the claimant's past relevant work.  20 C.F.R. §§ 404.1520(a)(4)(iv), 404.1545(a)(4),

---

[3] The ability to do basic work activities is defined as "the abilities and aptitudes necessary to do most jobs."  20 C.F.R. §§ 404.1522(b), 416.922(b).  These abilities and aptitudes include (1) physical functions such as walking, standing, sitting, lifting, pushing, pulling, reaching, carrying, or handling; (2) capacities for seeing, hearing, and speaking; (3) understanding, carrying out, and remembering simple instructions; (4) use of judgment; (5) responding appropriately to supervision, co-workers, and usual work situations; and (6) dealing with changes in a routine work setting.  *Id.* §§ 404.1522(b)(1)-(6), 416.922(b)(1)-(6); *see Yuckert*, 482 U.S. at 141, 107 S. Ct. at 2291.

416.920(a)(4)(iv), 416.945(a)(4).  RFC is a measurement of the most a claimant can do despite his or her limitations.  *Hines v. Barnhart*, 453 F.3d 559, 562 (4th Cir. 2006); *see* 20 C.F.R. §§ 404.1545(a)(1), 416.945(a)(1).   The claimant is responsible for providing evidence the Commissioner will use to make a finding as to the claimant's RFC, but the Commissioner is responsible for developing the claimant's "complete medical history, including arranging for a consultative examination(s) if necessary, and making every reasonable effort to help [the claimant] get medical reports from [the claimant's] own medical sources."   20 C.F.R. §§ 404.1545(a)(3), 416.945(a)(3).  The Commissioner also will consider certain non-medical evidence and other evidence listed in the regulations.  *See id.*  If a claimant retains the RFC to perform past relevant work, then the claimant is not disabled.  *Id.* §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv).

Fifth, if the claimant's RFC as determined in step four will not allow the claimant to perform past relevant work, then the burden shifts to the Commissioner to prove that there is other work that the claimant can do, given the claimant's RFC as determined at step four, age, education, and work experience.  *See Hancock v. Astrue*, 667 F.3d 470, 472-73 (4th Cir. 2012). The Commissioner must prove not only that the claimant's RFC will allow the claimant to make an adjustment to other work, but also that the other work exists in significant numbers in the national economy.   *See Walls*, 296 F.3d at 290; 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v).  If the claimant can make an adjustment to other work that exists in significant numbers in the national economy, then the Commissioner will find that the claimant is not disabled.  If the claimant cannot make an adjustment to other work, then the Commissioner will find that the claimant is disabled.  20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v).

### III

### **Substantial Evidence Standard**

The Court reviews an ALJ's decision to determine whether the ALJ applied the correct legal standards and whether the factual findings are supported by substantial evidence. *See Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996). In other words, the issue before the Court "is not whether [Plaintiff] is disabled, but whether the ALJ's finding that [Plaintiff] is not disabled is supported by substantial evidence and was reached based upon a correct application of the relevant law." *Id.* The Court's review is deferential, as "[t]he findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive." 42 U.S.C. § 405(g). Under this standard, substantial evidence is less than a preponderance but is enough that a reasonable mind would find it adequate to support the Commissioner's conclusion. *See Hancock*, 667 F.3d at 472; *see also Biestek v. Berryhill*, 587 U.S. ___, 139 S. Ct. 1148, 1154 (2019).

In evaluating the evidence in an appeal of a denial of benefits, the court does "not conduct a *de novo* review of the evidence," *Smith v. Schweiker*, 795 F.2d 343, 345 (4th Cir. 1986), or undertake to reweigh conflicting evidence, make credibility determinations, or substitute its judgment for that of the Commissioner. *Hancock*, 667 F.3d at 472. Rather, "[t]he duty to resolve conflicts in the evidence rests with the ALJ, not with a reviewing court." *Smith v. Chater*, 99 F.3d 635, 638 (4th Cir. 1996). When conflicting evidence allows reasonable minds to differ as to whether a claimant is disabled, the responsibility for that decision falls on the ALJ. *Johnson v. Barnhart*, 434 F.3d 650, 653 (4th Cir. 2005) (per curiam).

IV

**Discussion**

Plaintiff contends that the ALJ (1) erred in relying on the VE's testimony by failing to resolve apparent conflicts with the Dictionary of Occupational Titles[4] (the "DOT"), (2) failed to follow the treating-physician rule, and (3) erred in considering his noncompliance. Pl.'s Mem. Supp. Mot. Summ. J. 6-8, ECF No. 11-1. He first argues that the ALJ did not ask the VE if the VE's testimony was consistent with the DOT. An ALJ has a duty to identify and resolve any apparent conflicts between the DOT and a VE's testimony. *Lawrence v. Saul*, 941 F.3d 140, 143 (4th Cir. 2019). The ALJ must ask the VE whether his or her testimony conflicts with the DOT. *Id.* Here, the ALJ advised the VE at the hearing that the ALJ would assume that the VE's testimony would be consistent with the Dictionary of Occupational Titles unless the VE advised the ALJ otherwise. R. at 64-65. The VE then testified that a hypothetical individual of Plaintiff's age, education, and work experience limited to, among things, sedentary work and occasional reaching overhead and operating hand controls with the right upper extremity could not perform Plaintiff's past work but could perform the sedentary jobs of final assembler, visual inspector, or sorter (R. at 66-67), which, according to the DOT, all require frequent reaching.

The Fourth Circuit recognizes that an individual's RFC to reach overhead only occasionally with one upper extremity apparently conflicts with the DOT's definition of frequent reaching, which may include frequent bilateral reaching. *Pearson*, 810 F.3d at 211. The ALJ

---

[4] "The Social Security Administration has taken administrative notice of the *Dictionary of Occupational Titles*, which is published by the Department of Labor and gives detailed physical requirements for a variety of jobs." *Massachi v. Astrue*, 486 F.3d 1149, 1152 n.8 (9th Cir. 2007); *see Pearson v. Colvin*, 810 F.3d 204, 205 n.1 (4th Cir. 2015); *DeLoatche v. Heckler*, 715 F.2d 148, 151 n.2 (4th Cir. 1983); 20 C.F.R. §§ 404.1566(d)(1), 416.966(d)(1). "Information contained in the [*Dictionary of Occupational Titles*] is not conclusive evidence of the existence of jobs in the national economy; however, it can be used to establish a rebuttable presumption." *English v. Shalala*, 10 F.3d 1080, 1085 (4th Cir. 1993).

here thus had "to elicit an explanation from the expert as to whether these occupations do, in fact, require frequent bilateral overhead reaching." *Id.* In accordance with *Pearson*, the VE testified that the jobs of final assembler, visual inspector, and sorter did not, in fact, require overhead reaching. R. at 68.

Further, these three jobs all require frequent handling and fingering. A limitation to occasional use of hand controls apparently conflicts with the DOT's definition of frequent handling. *Waters v. Saul*, No. 5:18-CV-453-FL, 2019 WL 4318419, at *6 (E.D.N.C. Aug. 19, 2019), *report and recommendation adopted*, No. 5:18-CV-453-FL, 2019 WL 4308999 (E.D.N.C. Sept. 11, 2019). Here, the VE addressed this apparent conflict and, in accordance with *Pearson*, explained that these jobs do not, in fact, require the use of hand controls. R. at 68. Although the ALJ erred in finding that there was no evidence that the VE's testimony was inconsistent with the DOT (R. at 32), "[t]he party seeking to overturn the Commissioner's decision has the burden to show that prejudice resulted from [the] error." *Jones v. Astrue*, 691 F.3d 730, 734–35 (5th Cir. 2012). Because any conflicts between the VE's testimony and the DOT regarding reaching and handling were resolved, Plaintiff's argument to the contrary is unavailing.

Plaintiff argues, however, that substantial evidence does not support a finding that he could frequently handle and finger, as the VE testified that a limitation to only occasional use of the dominant hand would preclude these jobs (R. at 68-69). Pl.'s Mem. Supp. Mot. Summ. J. 7, ECF No. 11-1. Eric Cox, M.D., Plaintiff's treating physician, opined that Plaintiff could only occasionally handle. R. at 1297. "In general, an ALJ should accord 'more weight to medical opinions from [a claimant's] treating sources, since these sources are likely to be the medical professionals most able to provide a detailed, longitudinal picture of [a claimant's] medical impairment(s).'" *Woods v. Berryhill*, 888 F.3d 686, 695 (4th Cir. 2018) (alterations in original)

8

(quoting 20 C.F.R. § 404.1527(c)(2)).  A treating source's opinion on issues of the nature and severity of the impairments will be given controlling weight when well supported by medically acceptable clinical and laboratory diagnostic techniques and when the opinion is consistent with the other substantial evidence in the record.  20 C.F.R. §§ 404.1527(c)(2), 416.927(c)(2); *see Lewis v. Berryhill*, 858 F.3d 858, 867 (4th Cir. 2017).  Conversely, however, "if a physician's opinion is not supported by clinical evidence or if it is inconsistent with other substantial evidence, it should be accorded significantly less weight."  *Craig*, 76 F.3d at 590.  In other words, "a treating physician's opinion is to be accorded comparatively less weight if it is based on the physician's limited knowledge of the applicant's condition or conflicts with the weight of the evidence."  *Meyer v. Colvin*, 754 F.3d 251, 256 (4th Cir. 2014) (citing *Craig*, 76 F.3d at 590; 20 C.F.R. § 404.1527(c)).  An ALJ may reject a treating physician's opinion in its entirety and afford it no weight if the ALJ gives specific and legitimate reasons for doing so.  *See Bishop v. Comm'r of Soc. Sec.*, 583 F. App'x 65, 67 (4th Cir. 2014) (per curiam) (citing *Holohan v. Massanari*, 246 F.3d 1195, 1202 n.2 (9th Cir. 2001); *Craig*, 76 F.3d at 589-90).

A medical expert's opinion as to whether one is disabled is not dispositive; opinions as to disability are reserved for the ALJ and for the ALJ alone.  *See* 20 C.F.R. §§ 404.1527(d)(1), 416.927(d)(1).  Generally, the more the medical source presents relevant evidence to support his opinion, and the better that he explains it, the more weight his opinion is given.  *See id.* §§ 404.1527(c)(3), 416.927(c)(3).  Additionally, the more consistent the opinion is with the record as a whole, the more weight the ALJ will give to it.  *See id.* §§ 404.1527(c)(4), 416.927(c)(4).

Contrary to Plaintiff's argument, the ALJ gave good reasons for giving less than controlling weight to Dr. Cox's opinion because it was inconsistent with the record as a whole,

9

including clinical findings and Plaintiff's reported daily activities (R. at 30). *See Milam v. Colvin*, 794 F.3d 978, 984 (8th Cir. 2015); *Craig*, 76 F.3d at 590 (determining that treating physician's medical notes and claimant's reported daily living activities were persuasive evidence that contradicted physician's conclusory opinion based on claimant's subjective reports of pain). Thus, Plaintiff also argues to no avail that the ALJ failed to build "an accurate and logical bridge for the RFC that avoids the question of how often [he] can use his dominant right hand in general." Pl.'s Mem. Supp. Mot. Summ. J. 7, ECF No. 11-1.

Plaintiff then asserts that the ALJ failed to recontact the treating physician in accordance with Social Security Ruling[5] ("SSR") 03-2p. However, the ALJ's duty to recontact under SSR 03-2p is triggered when the evidence is inadequate to determine whether the claimant is disabled. Plaintiff does not contend that the evidence is inadequate to determine whether he is disabled "[T]he administrative hearing process is not an adversarial one, and an ALJ has a duty to investigate the facts and develop the record independent of the claimant or his counsel." *Pearson*, 810 F.3d at 210 (citing *Cook v. Heckler*, 783 F.2d 1168, 1173-74 (4th Cir. 1986)). On the other hand, "the ALJ is not required to function as the claimant's substitute counsel, but only to develop a reasonably complete record." *Clark v. Shalala*, 28 F.3d 828, 830-31 (8th Cir. 1994); *see Lehman v. Astrue*, 931 F. Supp. 2d 682, 693 (D. Md. 2013). "Where the ALJ fails in his duty to fully inquire into the issues necessary for adequate development of the record, and such failure is prejudicial to the claimant, the case should be remanded." *Marsh v. Harris*, 632

---

[5] Social Security Rulings are "final opinions and orders and statements of policy and interpretations" that the Social Security Administration has adopted. 20 C.F.R. § 402.35(b)(1). Once published, these rulings are binding on all components of the Social Security Administration. *Heckler v. Edwards*, 465 U.S. 870, 873 n.3, 104 S. Ct. 1532, 1534 n.3 (1984); 20 C.F.R. § 402.35(b)(1). "While they do not have the force of law, they are entitled to deference unless they are clearly erroneous or inconsistent with the law." *Pass*, 65 F.3d at 1204 n.3.

F.2d 296, 300 (4th Cir. 1980).  "[R]eversal due to failure to develop the record is only warranted where such failure is unfair or prejudicial," however.  *Shannon v. Chater*, 54 F.3d 484, 488 (8th Cir. 1995).

Here, Plaintiff was represented by counsel at the hearing before the ALJ.  R. at 43. "[W]hen the claimant is represented by counsel at the administrative hearing, the ALJ should ordinarily be entitled to rely on the claimant's counsel to structure and present claimant's case in a way that the claimant's claims are adequately explored."  *Hawkins v. Chater*, 113 F.3d 1162, 1167 (10th Cir. 1997).  "Thus, in a counseled case, the ALJ may ordinarily require counsel to identify the issue or issues requiring further development."  *Id.*  "Although the ALJ has the duty to develop the record, such a duty does not permit a claimant, through counsel, to rest on the record—indeed, to exhort the ALJ that the case is ready for decision—and later fault the ALJ for not performing a more exhaustive investigation."  *Maes v. Astrue*, 522 F.3d 1093, 1097 (10th Cir. 2008).  Absent a showing of prejudice, Plaintiff's argument that the ALJ failed to develop the record by not recontacting his treating physician or by not obtaining a consultative examination is thus unavailing.

Plaintiff also contends that the ALJ erred in finding that his reflex sympathetic dystrophy was not a severe impairment (R. at 18-19, 24-25).  Pl.'s Mem. Supp. Mot. Summ. J. 8, ECF No. 11-1.  He, however,

> misunderstands the purpose of step two in the analysis.  Step two is merely a threshold determination meant to screen out weak claims.  It is not meant to identify the impairments that should be taken into account when determining the RFC.  In fact, "[i]n assessing RFC, the adjudicator must consider limitations and restrictions imposed by all of an individual's impairments, even those that are not 'severe.'"  The RFC therefore *should* be exactly the same regardless of whether certain impairments are considered "severe" or not.

*Buck v. Berryhill*, 869 F.3d 1040, 1048-49 (9th Cir. 2017) (alteration in original) (citations omitted). "Moreover, step two was decided in [Plaintiff's] favor . . . . He could not possibly have been prejudiced. Any alleged error is therefore harmless and cannot be the basis for a remand." *Id.* at 1049 (citing *Molina v. Astrue*, 674 F.3d 1104, 1115 (9th Cir. 2012)); *accord Smith v. Colvin*, 821 F.3d 1264, 1266-67 (10th Cir. 2016); *Tuggerson-Brown v. Comm'r of Soc. Sec.*, 572 F. App'x 949, 951 (11th Cir. 2014) (per curiam). Plaintiff's contention that the ALJ erred at step two by failing to determine that his reflex sympathetic dystrophy was a severe impairment is thus without merit. *See Tegra C. v. Comm'r, Soc. Sec. Admin.*, Civil Action No. ADC-19-667, 2019 WL 6733114, at *5 (D. Md. Dec. 10, 2019).

Plaintiff finally contends that the ALJ erred in relying on his noncompliance with prescribed treatment to find him disabled (R. at 28). Pl.'s Mem. Supp. Mot. Summ. J. 8, ECF No. 11-1. Although a claimant may not be penalized for failing to seek treatment he cannot afford, *Lovejoy v. Heckler*, 790 F.2d 1114, 1117 (4th Cir. 1986), as "[i]t flies in the face of the patent purposes of the Social Security Act to deny benefits to someone because he is too poor to obtain medical treatment that may help him," *Gordon v. Schweiker*, 725 F.2d 231, 237 (4th Cir.1984), "[a]n absence of evidence that a claimant sought low-cost or free care may warrant discrediting his excuse that he could not afford treatment." *Buchholtz v. Barnhart*, 98 F. App'x 540, 546 (7th Cir. 2004) (citing *Osborne v. Barnhart*, 316 F.3d 809, 812 (8th Cir. 2003)); *see Riggins v. Apfel*, 177 F.3d 689, 693 (8th Cir. 1999) (ALJ appropriately discounted claimant's argument he could not afford medical care absent evidence he sought and was denied low-cost or free care); *Mickles v. Shalala*, 29 F.3d 918, 930 (4th Cir. 1994) (Luttig, J., concurring) (stating that "an unexplained inconsistency between the claimant's characterization of the severity of her condition and the treatment she sought to alleviate that condition is highly probative of the

claimant's credibility" and holding that "it was not improper for the ALJ to consider the level and type of treatment [the claimant] sought and obtained in determining what weight to accord her allegations of constant disabling pain"); SSR 16-3p, 2016 WL 1119029, at *8-9 (Mar. 16, 2016).  In any event, as Defendant points out, "the ALJ did not deny [Plaintiff] benefits solely because of the evidence of [his] non-compliance.  Rather, [Plaintiff's] non-compliance was merely one of a number of factors the ALJ considered in determining that [Plaintiff's] testimony about [his] symptoms was only partially credible."  *Dunn v. Colvin*, 607 F. App'x 264, 276 (4th Cir. 2015).

In sum, substantial evidence supports the decision of the ALJ, who applied the correct legal standards here.  Thus, Defendant's Motion for Summary Judgment is **GRANTED**, Plaintiff's Motion for Summary Judgment is **DENIED**, and the Commissioner's final decision is **AFFIRMED**.

## V

### Conclusion

For the reasons stated above, Defendant's Motion for Summary Judgment (ECF No. 15) is **GRANTED**.  Plaintiff's Motion for Summary Judgment (ECF No. 11) is **DENIED**.  The Commissioner's final decision is **AFFIRMED**.  A separate order will issue.

Date: November 16, 2020                                    /s/
                                                   Thomas M. DiGirolamo
                                                   United States Magistrate Judge